(No. 5267-

ST. MARY'S HOSPITAL, DECATUR, OF THE HOSPITAL SISTERS OF THE THIRD ORDER OF ST. FRANCIS, AN ILLINOIS CORPORATION, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed April 7, 1966.*

DOWNING, SMITH, JORGENSEN AND UHL, Attorneys for Claimant.

WILLIAM G. CLARK, Attorney General; LEE D. MARTIN, Assistant Attorney General, for Respondent.

PEZMAN, J.

St. Mary's Hospital, Decatur, of the Hospital Sisters of the Third Order of St. Francis, An Illinois Corporation, claimant, presented its statement to the Department of Pub-

lic Aid for hospitalization services rendered one Elmer Briscoe for the period from June 11, 1965 to July 23, 1965. The Department of Public Aid had determined that the recipient was eligible to receive aid under its program of Assistance to the Medically Indigent Aged, but the Department denied the claim in relation to that portion thereof for services rendered from June 11, 1965 through June 30, 1965 on the basis that the claim was for services rendered prior to July 1, 1965, and that the appropriation for that biennium had lapsed. On January 7, 1966, a complaint in this matter was filed in the Court of Claims. It contains a request for payment of the sum of $453.40, representing charges for the hospital services furnished the said Elmer Briscoe during the period of June 11, 1965 through June 30, 1965.

A Departmental Report, which was received in the Attorney General's office on February 2, 1966, was filed in this matter. It stated: "The Department admits claimant is justly entitled to the amount claimed." Subsequently, a written stipulation was entered into between claimant and respondent, by their respective attorneys, which found that claimant had furnished services to the said Elmer Briscoe, that the reasonable and equitable charges for the services so provided by claimant amounted to $453.40, and, that claimant was entitled to be reimbursed in that amount.

This Court has repeatedly held that, where a contract has been: (1) properly entered into; (2) services satisfactorily performed, and materials furnished in accordance with such contract; (3) proper charges made therefor; (4) adequate funds were available at the time the contract was entered into; and, (5) the appropriation for the biennium from which such claim could have been paid has lapsed, it would enter an order for the amount due. *Memorial Hospital of Du Page County, A Corporation* vs. *State of Illinois*, Case No. 5196, opinion filed January 29, 1965. It appears

that all qualifications for an award have been met in the instant case.

Claimant is hereby awarded the sum of $453.40.